# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEANTE DRAKE, | )<br>) |
| Petitioner, | )<br>) |
| v. | ) CIVIL ACTION NO. 17-1489<br>) |
| COURT OF COMMON PLEAS OF WASHINGTON COUNTY ET AL., | ) HON. NORA BARRY FISCHER<br>)<br>) |
| Respondents, | ) |

## ORDER OF COURT

The above-captioned prisoner case was received by the Clerk of Court for the Western District of Pennsylvania on November 16, 2017, ECF No. 1. The case was referred to Chief United States Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules for Magistrate Judges.

Deante Drake ("Petitioner") paid a $5.00 filing fee. The Clerk's Office docketed the current Petition as a Petition for Writ of Habeas Corpus apparently because Petitioner paid $5.00 which is the filing fee for a habeas petition and because the Petition sought to attack his October 22, 1993 state court convictions.

On January 16, 2018, Petitioner filed a Motion for Leave to Proceed In Forma Pauperis for leave to amend ("Motion to Amend"). ECF No. 3. In this Motion, Petitioner essentially sought to have the case treated as a civil rights action.

Chief Magistrate Judge Kelly, in a Report and Recommendation (the "Report"), ECF No. 4, filed on January 30, 2018, recommended that the case can be treated as a Petition for Writ of Habeas Corpus, and that, so treated, the Petition should be dismissed pre-service pursuant to Rule 4 because all custody, stemming from the convictions that Petitioner challenged, had ended long

before the filing of this Petition. The Report also noted that to the extent the case could be treated as anything other than a Petition for Habeas Corpus, the case failed to state a claim based upon the *Rooker-Feldman* doctrine. Further, the Report noted that even treated as a civil rights action, the case was barred by Heck v. Humphrey, 512 U.S. 477 (1994).

Chief Magistrate Judge Kelly also issued an order, ECF No. 5, on January 31, 2018, denying Petitioner's Motion to Amend, noting that in light of the Report's analysis, amendment of the Petition to be a civil rights action would be futile. Notwithstanding that the order notified Petitioner that he could appeal from the Chief Magistrate Judge's order denying his Motion to Amend, Petitioner did not appeal.

Service of the Report was made on the Petitioner at his address of record. Petitioner was given an extension of time until February 26, 2018 to file any objections. On February 21, 2018, Plaintiff filed a "Motion pursuant to Fed. R. Civ. P. 73(b)93) to vacate the Magistrates January 30, 2018 referral report and recommendation" which the Court treats as Objections. ECF No. 8. Nothing in the Objections merits rejection of the Report or extended comment. Petitioner also filed a Motion to Amend the Petition for Writ of Habeas Corpus, ECF No. 9 and a Brief in Support of the Motion to Amend. ECF No. 10.

In the Objections, Petitioner complains that he did not consent to have the case referred to the Chief Magistrate Judge. ECF No. 8 at 3 ("Petitioner asserts that he does not give the United States Magistrate consent to make a report and recommendation in this case…"). Petitioner's consent to have the case referred to a Magistrate Judge for the preparation of a Report and Recommendation is not required. Lineberry v. U.S., 436 F. App'x 293, 295 (5th Cir. 2010) ("the magistrate judge only made 'findings of fact and recommendations' pursuant to § 636(b)(1)(B),

2

and the consent of the parties was not required for the district judge to refer the case to a magistrate judge because 'the ultimate decision-making authority was retained by the district court.' (quoting Jackson v. Cain, 864 F.2d 1235, 1242 (5th Cir. 1989)). Hence, this Objection is overruled.

Petitioner next argues that the Report's recommendation that the case be treated as a Petition for Writ of Habeas Corpus violates the rules announced in Castro v. United Sates, 540 U.S. 375, which held that certain warnings must be afforded to a habeas petitioner before recharacterizing any filing as a first Section 2255 motion because of the adverse consequences of doing such under the Anti-terrorism and Effective Death Penalty Act. There are several problems with Petitioner's contentions.

First, the Report only recommended that the case be treated as a Section 2254 habeas Petition. As of Petitioner's filing his Objections and his Motion to Amend, this Court has not yet definitively re-characterized the filing as a habeas Petition. In fact, we find that the Report and Recommendation procedure with the opportunity to file Objections and Petitioner's filings in response to the filing of the Report essentially meets the requirements of the spirit of Castro. That explicit warnings required by Castro were not provided to Petitioner in the Report is of no legal significance because Petitioner has demonstrated in his filings that he is well aware of the warnings required by Castro. Indeed, Petitioner has been aware of the significance of Castro since at least March 5, 2015. Deante Drake v. U.S., 1:07CR53, 2015 WL 507228, at *2 (N.D.W. Va. Feb. 6, 2015) ("On February 18, 2014, Magistrate Judge James Seibert issued his R & R, recommending that the Court dismiss Drake's petition as second and successive (Dkt. No. 7). Drake filed objections on March 5, 2014, arguing that his first § 2255 petition should not 'count,' because this Court failed to give him 'the notice required' by *Castro*, 540 U.S. at 383, 124 S.Ct. at 786 (Dkt.

No. 10 at 1–2)"), *certificate of appealability denied*, 613 F. App'x 238 (4th Cir. 2015). As Petitioner was well aware of what Castro's warnings intended that he be aware of, the law does not require a useless act of giving him such unnecessary and redundant warnings. Pennsylvania v. Sixty Eight Thousand Nine Hundred Fifty Dollars in U.S. Currency, CIV.A. 14-622, 2014 WL 2605426, at *3 (W.D. Pa. June 10, 2014) ("the law does not require a useless act.") (citing Consolidated Stores Intern. Corp. v. London Insurance and Reinsurance Market Assoc., No. C2–96–1047, 2001 WL 1681139, at *6 (S.D. Oh. Oct. 24, 2001) ("*Lex non cogit ad inutilia*: the law does not require a useless act.")). See also U.S. v. Coley, 336 F. App'x 933, 935 (11th Cir. 2009) ("the point of *Castro* is that a pro se litigant must be warned before a district court recharacterizes his motion as one brought under § 2255. The reason for this requirement is to avoid surprising that litigant later when he tries to file what he believes is a first § 2255 motion, but then is forced to surmount the much higher standard for a second or successive § 2255 motion. Id. at 377, 124 S.Ct. at 789. *Castro's* protections therefore exist to protect pro se litigants from unfair surprises based on recharacterization."). Hence, we reject Petitioner's contention that he was never contacted by the District Court with a written 'notice" informing him that the Court is considering His [sic] 28 U.S.C. §1343(a)(3) complaint as a 28 U.S.C. §2254 Motion giving him a fair opportunity to agree or reject it." ECF No. 10 at 1. The Report and Recommendation procedure with the opportunity to file Objections did precisely what Petitioner claims did not occur.

Second, there cannot be any adverse consequences to re-characterzing the present action as a habeas petition in light of the fact that Petitioner has previously filed what was treated as a Section 2254 Petition attacking this same state court conviction. Drake v. Pennsylvania, Civ. No. 2:16-cv-01822- (W.D. Pa.), which was dismissed for lack of jurisdiction and the United States

4

Court of Appeals denied a Certificate of Appealability to the extent one was needed. Id. (ECF No. 11). Burton v. Stewart, 549 U.S. 147, 156 (2007) ("For the same reasons, Burton's reliance on *Castro v. United States*, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003), is misplaced. That case reversed a lower court's recharacterization of a motion requesting a new trial pursuant to Federal Rule of Criminal Procedure 33 as a first habeas petition. Here Burton filed his first habeas petition as such in 1998; it involves no similar 'recharacterization' to recognize that the judgment pursuant to which Burton was confined at the time was the same judgment that gave rise to the sentence later challenged in his second habeas petition."); Gonzalez v. U.S., 310 F. App'x 655, 656 (5th Cir. 2009) ("Because this was not Gonzalez's first § 2255 motion, the warning required by *Castro* was unnecessary.").

Third, given that all custody stemming from the state court convictions which Petitioner seeks to challenge indisputably ended long before Petitioner commenced the present case, Petitioner can suffer no adverse consequences from the recharacterization as he cannot file any further habeas petitions. Outler v. Conley, 112 F. App'x 284 (4th Cir. 2004) ("where the failure to provide notice to movant results in no adverse consequences, such failure is harmless error").

Accordingly, Petitioner's Objections are overruled.

Petitioner also seeks leave to amend the present case to make clear that the jurisdictional basis for this suit is diversity jurisdiction. See ECF No. 9 at 4. This is so, even though he makes no factual averments about the citizenship or domiciliary of the parties. We find that any further amendment would be futile. Hence, we deny the Motion for Leave to Amend as futile. Nevertheless, we will dismiss the present case, treated as a habeas petition, without prejudice to Petitioner filing an entirely new civil rights action based upon whatever jurisdictional basis he

wishes. To that end we will include with this Order a copy of the Court's form civil rights complaint and its in forma pauperis form for Petitioner to file an entirely new case if he so desires. However, Petitioner is warned that the reasoning of the Report should make clear to him that a civil action would be dismissible pre-service as well for failure to state a claim.

Petitioner also asks that should the District Court deny the Motion for Leave to Amend, he wants the Court to "stay and abbey" this case so that he may file an appeal to the Court of Appeals. ECF No. 9 at 5. Petitioner's request for a stay of this case, pending appeal, is denied.

AND NOW, this 26th day of February, 2018, after de novo review of the filings in this case, and upon consideration of the Chief Magistrate Judge's Report and Recommendation [4], which is ADOPTED as the opinion of this Court,

IT IS HEREBY ORDERED that the petition for writ of habeas corpus is DENIED, and a Certificate of Appealability is DENIED.

Petitioner's Motion for Leave to Amend is DENIED as futile. The Clerk of Court shall mark this CASE CLOSED.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if any party wishes to appeal from this Order a notice of appeal, as provided in Fed. R. App. P. 3, must be filed with the Clerk of Court, United States District Court, at 700 Grant Street, Room 3110, Pittsburgh, PA 15219, within thirty (30) days.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc: Honorable Maureen P. Kelly
Chief United States Magistrate Judge

Deante Drake
05730-087
FCC Allenwood
Post Office Box 1000
White Deer, PA 17887